IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TERRY HARRIS,
        Plaintiff,

v.                                            Civil Action No. 3:20-cv-794

POWHATAN BOARD OF SUPERVISORS
POWHATAN COUNTY, VIRGINIA,
        Defendant.

## OPINION

The plaintiff, Terry Harris, sues his former employer, the Powhatan County Board of Supervisors (the "County"), alleging discrimination based on race, age, and disability. Harris asserts a racial discrimination claim under Title VII of the Civil Rights Act of 1964, a racial discrimination claim under 42 U.S.C § 1981, an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), and a disability discrimination claim under the Americans with Disabilities Act ("ADA").[1] The County moves to dismiss Harris's complaint for failure to state a claim. For the reasons set forth below, the Court will grant in part and deny in part the County's motion.

### I. FACTS ALLEGED IN THE COMPLAINT

Harris had hip surgery in August 2015, which forced him to take a leave of absence from his maintenance job for the County.[2] He originally anticipated returning to work on October 18, 2015, but his surgeon did not clear him to return to work until December 2, 2015.

---

[1] Harris's complaint also contains a 42 U.S.C. § 1983 claim. (ECF No. 1-1, at 10.) Harris withdrew that claim, however. (ECF No. 6, at 10.)

[2] Harris's held various positions with the County. Harris "began working for Powhatan County on September 9, 2002[,] in the maintenance department." (ECF No. 1-1 ¶ 7.) And before

On November 30, 2015, Harris's back doctor, Dr. Vokac, diagnosed him with lumbar stenosis. Later that day, Harris gave County officials Linda Jones and Ramona Carter notes from his appointment with Vokac that said he could not lift more than fifteen pounds for three to six months. "Jones and Carter immediately informed Harris [that] '[t]he County doesn't have light duty,'" even though it "provided light duty accommodations to two Caucasian male Public Works employees, James Elder ("Elder") and Alvin McCauley ("McCauley"), following their returns to work" after experiencing health issues. (*Id.* ¶¶ 14, 32.)

Harris wanted a temporary placement that would allow him to abide by Vokac's lifting restriction, so he asked the County if he could work in "one of the County's multiple Convenience Centers" or "in the Waste Water Treatment area." (*Id.* ¶¶ 15-17.) The County denied both requests, claiming that it "could not have too many employees working over 40 hours in" the Convenience Centers and that Harris lacked a license required to work in the wastewater treatment area. (*Id.* ¶¶ 16-17.)[3]

After Harris's November 30, 2015 meeting with Jones and Carter, the County contacted Harris's doctors, without his authorization, "in an attempt to obtain information regarding his physical restrictions." (*Id.* ¶ 18.) On December 11, 2015, Vokac's office told the County "that Harris could expect a 'probable return to full duty 6-8 weeks from today.'" (*Id.* ¶ 19.) The County fired Harris later that day.

---

holding the position of Maintenance Worker III in the Facilities Division, "he had previous experience" "working in the Waste Water Treatment area." (*Id.* ¶¶ 17, 34, 43.)

[3] After it fired Harris, however, "the County recruited for a position in [the wastewater treatment] area with no requirement for licenses or certification." (*Id.* ¶ 17.)

## II. DISCUSSION[4]

### *A. Title VII*

Harris claims that the County violated Title VII of the Civil Rights Act of 1964 by providing Elder and McCauley light duty work, but not him. (*See* ECF No. 6, at 6.)

A plaintiff who attempts to establish a Title VII claim by comparing his treatment to the treatment of an employee from a non-protected class must "show that [he is] similar in all relevant respects to [his] comparator." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010). "Such a showing would include evidence that the employees 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Id.* (alteration in original) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

Here, Harris does not allege facts showing that he, Elder, and McCauley "dealt with the same supervisor" or "[were] subject to the same standards." *Id.* First, Harris does not plead that his supervisor, Christian MacIntosh, also supervised Elder and McCauley. Second, Harris does not allege that he, Elder, and McCauley had the same work standards. In fact, Harris claims that

---

[4] The County moves to dismiss Harris's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a facially plausible claim to relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

3

he worked a maintenance job in the Facilities division whereas Elder and McCauley worked in Public Works; and he has not alleged that these different jobs subjected him, Elder, and McCauley to the same work standards. Thus, Harris does not adequately plead "that [he is] similar in all relevant respects" to Elder and McCauley. *Id.* Accordingly, the Court will dismiss Harris's Title VII racial discrimination claim without prejudice.

### *B. § 1981*

Harris alleges that he County "wrongfully deprived [him] of his right to enjoy, perform, and enforce his contract of employment without regard to race, in violation of 42 U.S.C. § 1981." (ECF No. 1-1 ¶ 50.)

"[W]hen suit is brought against a state actor, § 1983 is the 'exclusive federal remedy for violation of the rights guaranteed in § 1981.'" *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). Accordingly, a plaintiff cannot vindicate his § 1981 rights without pleading a § 1983 claim. *Pettaway v. Sch. Bd. of Prince George Cnty.*, No. 3:18cv382, 2019 WL 1497027, at *3 (E.D. Va. Apr. 4, 2019) ("In her

Second Amended Complaint, Plaintiff has not pleaded a § 1983 cause of action, and therefore, Plaintiff cannot vindicate the statutory right that § 1981 confers on her.").

Harris withdrew his § 1983 claim. Accordingly, he "cannot vindicate the statutory right that § 1981 confers on [him]." *Id.* The Court, therefore, will dismiss Harris's § 1981 claim without prejudice.

### C. ADEA

Harris claims the County fired him "in an effort to provide [his] position to a younger employee" in violation of the ADEA. (ECF No. 1-1 ¶ 62.)

To plead an ADEA claim, Harris must allege that he "is (1) over the age of 40, and (2) experienced discrimination by an employer (3) because of his age." *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020). In his complaint, Harris does not state that he "is over the age of 40." *Id.*[5] Accordingly, he does not adequately plead an ADEA claim. Thus, the Court will dismiss his ADEA claim without prejudice.

### D. ADA

Harris contends that the County violated the ADA because it "failed to accommodate him when he was able to return to work with restrictions." (ECF No. 1-1 ¶ 65.)

To state a failure to accommodate claim under the ADA, Harris must allege "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [County] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [County] refused to make such accommodations."

---

[5] In his response brief, Harris notes that "he is over 40." (ECF No. 6, at 11.) But a plaintiff cannot amend his complaint through his response brief. *Rossman v. Lazarus*, No. 1:08cv316, 2008 WL 4181195, at *7 (E.D. Va. Sept. 3, 2008) (quoting *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004)) ("[I]t is 'axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'").

*Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (quoting *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).

Harris adequately pleads a failure to accommodate claim. First, Harris alleges that he met the ADA's definition of disabled. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). It defines a major life activity as, among other things, "performing manual tasks, ... lifting, ... and working." *Id.* § 12102(2)(A). Harris's injury prevented him from "performing manual tasks," namely "lifting" more than fifteen pounds. *Id.* This impairment substantially limited his ability to work. Thus, he adequately pleads that he had a disability within the meaning of the ADA. Moreover, Harris notified the County of this disability when he reported it to Jones and Carter.

Harris also adequately pleads the third and fourth elements of a failure to accommodate claim. The third element of a failure to accommodate claim ostensibly requires a plaintiff to allege that reasonable accommodations would enable him to "perform the essential functions of [*his*] position." *See Wilson*, 257 F.3d at 345 (emphasis added). Nevertheless, "[t]he ADA explicitly provides that reassignment to a *vacant* position is a reasonable accommodation." *Wells v. BAE Sys. Norfolk Ship Repair*, 483 F. Supp. 2d 497, 510 (E.D. Va. 2007) (emphasis in original). Thus, a plaintiff can adequately plead the third element of a failure to accommodate claim by alleging that he requested a transfer to a vacant position.

Here, Harris alleges that he "made two reasonable requests for an accommodation." (ECF No. 6, at 17.) Specifically, Harris requested transfers to "one of the County's multiple Convenience Centers" or "the Waste Water Treatment area." (ECF No. 1-1 ¶¶ 16-17.) Harris's complaint does not indicate that the County had vacancies in its "Convenience Centers." Thus,

his request to work there does not count as a request for a reasonable accommodation.[6] His request to work in the "Waste Water Treatment area" does count, however, because, when reading the complaint in the light most favorable to Harris, he alleges that he asked the County to transfer him to a vacant position in the wastewater treatment area.[7] (ECF No. 1-1 ¶ 17.) This satisfies the third element of a failure to accommodate claim.

Finally, Harris adequately pleads the fourth element of a failure to accommodate claim because he alleges that the County refused to accommodate his requested transfer to an open position in the wastewater treatment area by falsely claiming that the "position required a license that he did not have." (*Id.*) Thus, Harris adequately pleads all four elements of a failure to accommodate claim under the ADA. The Court, therefore, will deny the County's motion to dismiss Harris's ADA claim.

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the County's motion to dismiss. Specifically, the Court will deny the County's motion as to Harris's ADA claim. It will grant the County's motion as to all other claims.

The Court will dismiss Harris's Title VII, § 1981, and ADEA claims without prejudice. The Court will grant Harris leave to file an amended complaint within twenty-one days.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

---

[6] *Wells*, 483 F. Supp. 2d at 510 ("The ADA, of course, does not require an employer to bump an employee out of an existing position to accommodate a disabled employee.").

[7] The Court bases this inference on Harris's claim that the County "recruited for a position in [the wastewater treatment] area" after firing him. (ECF No. 1-1 ¶ 17.) Employers generally recruit for vacant positions.

Date: 16 December 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge